Filed 10/25/23  Vorobey v. Gerolamy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DAVID VOROBEY, | C095056 |
| Plaintiff and Appellant, | (Super. Ct. No. 34201900264995CUPOGDS) |
| v. | |
| ROB GEROLAMY et al., | |
| Defendants and Respondents. | |

David Vorobey filed the underlying complaint for damages against Ralph Gerolamy, Rob Gerolamy, and Holly Lawrence arising out of a shooting by Ralph on property owned by Rob and Holly.[1]  After sustaining Rob and Holly's motion for summary judgment, the trial court entered judgment in their favor.  On appeal, David contends the trial court's ruling erred with respect to his causes of action for premise

---

[1] Ralph and Rob Gerolamy are brothers.  To avoid confusion, we refer to the parties by their first names.  No disrespect is intended.

1

liability and res ipsa loquitur because: (1) there was a dispute as to material facts set forth in the parties' separate statements; (2) the trial court made factual findings regarding disputed factual issues; and (3) the so-called *Rowland* [2] factors supported imposing a duty on respondents Rob and Holly. We will affirm the judgment.

## I. BACKGROUND

David's first six causes of action were alleged only as to Ralph, who is not a party to this appeal. The seventh cause of action was for premises liability against Rob and Holly. The eighth and ninth causes of action were for res ipsa loquitur and willful misconduct, respectively, and alleged as to all defendants.

Respondents moved for summary judgment of the complaint as to them. With respect to the seventh cause of action for premises liability and the eighth cause of action for res ipsa loquitur, respondents argued David could not prevail because there was no evidence they owed him any duty to take affirmative action to control the wrongful acts of a third party. As to the eighth cause of action, respondents also argued David was unable to satisfy the elements required to invoke the doctrine of res ipsa loquitur because he had alleged an intentional shooting rather than an accident of the kind that ordinarily does not occur in the absence of someone's negligence, and the shooting was not caused by an agency or instrumentality within respondents' exclusive control.

---

[2] "In *Rowland v. Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561] (*Rowland*), [our Supreme Court] identified several factors that, among others, may bear on that question [of duty]: (1) 'the foreseeability of harm to the plaintiff,' (2) 'the degree of certainty that the plaintiff suffered injury,' (3) 'the closeness of the connection between the defendant's conduct and the injury suffered,' (4) 'the moral blame attached to the defendant's conduct,' (5) 'the policy of preventing future harm,' (6) 'the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach,' and (7) 'the availability, cost, and prevalence of insurance for the risk involved.' " (*Southern California Gas Leak Cases* (2019) 7 Cal.5th 391, 398-399.)

Respondents own about 28 acres of land that covers two addresses on Sorento Road in Elverta. The address on the north end has a workshop, an airplane hangar, and airplanes. Respondents live on a residence at the address on the south end that is about a half mile away from the workshop.

Respondents submitted evidence of the following purportedly undisputed material facts:

On September 19, 2017, prior to the incident giving rise to the litigation, respondents were not aware Ralph was at the property. At around 11:00 p.m. that evening, David drove a friend to show her the airplane at the north end of the property. David drove his vehicle off Sorento Road and onto the property, and he parked close to the plane. David and his friend got out of the vehicle and the friend took a video of the plane. Ralph discharged a shotgun, causing pellets to strike David. Prior to September 19, 2017, respondents had no knowledge of any prior acts or behavior similar to those alleged in the complaint on the part of Ralph. Respondents also had no knowledge of any prior violent acts or behavior on the part of Ralph. In response to requests for admission, David admitted he had no evidence of Ralph committing any prior act similar to the incident or any crime of violence prior to the incident. The complaint alleges respondents knew or should have known Ralph was a violent person who required prescription medication to control his anger and/or violent outbursts. Further, respondents knew or should have known Ralph had access to firearms and his conduct could cause serious bodily injury to another person, including third parties coming on the property to view airplanes. The complaint also alleged, "It was reasonably foreseeable that as the result of the negligent and careless ownership, operation, leasing, renting, management, and/or control of the Property, life-threatening and dangerous conditions would occur at the Property, and cause injury to persons thereon." In response to special interrogatories, David did not identify anything that supported his contentions that

3

defendants permitted members of the public to view the airplanes or that Ralph shot with respondents' knowledge and consent.

David did not oppose the motion as to the ninth cause of action for willful misconduct. He argued Rob and Holly owed him a duty because the shooting on the north end of the property was highly foreseeable. As we will discuss in further detail, David largely admitted the respondents' proffered facts. David also submitted his own purportedly disputed material facts.

The trial court granted the motion. As to the seventh and eighth causes of action, the court concluded there was no material fact precluding summary judgment because there was no foreseeability the incident would occur. The court explained Ralph had been on the property frequently throughout the years, during which burglaries had occurred, and there was no evidence he acted violently on prior occasions. The court found respondents did not owe David a duty to take affirmative action to control the wrongful acts of a third party. The court explained David attempted to dispute the fact respondents had no knowledge of any prior similar acts by Ralph, but even accepting his proffered facts as true, it was not foreseeable that Ralph would end up shooting a trespasser in David's position. The trial court also agreed with respondents' assertion that the requirements for res ipsa loquitur could not be met.[3] The trial court entered judgment on David's complaint in favor of respondents. David filed a timely appeal therefrom.

---

[3] In his reply brief, David argues this issue was waived because the notice of motion mentioned only the argument that, based on the undisputed facts, respondents did not owe David any duty to take affirmative action to control the wrongful acts of a third party. David cites no authority for that position. As such, he has failed to demonstrate any error in the trial court's decision to address the argument that the requirements for res ipsa loquitur could not be met. He also offers no arguments specific to the res ipsa loquitur claim. As a result, we need not address any.

4

## II. DISCUSSION

*A.     Standard of Review*

We begin by summarizing several principles that govern the grant and review of summary judgment motions under Code of Civil Procedure section 437c.

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 843.)  "A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." (*Merrill v. Navegar, Inc*. (2001) 26 Cal.4th 465, 476; see also Code Civ. Proc., § 437c, subd. (c).)  "The materiality of a disputed fact is measured by the pleadings [citations], which 'set the boundaries of the issues to be resolved at summary judgment.' " (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250.)

A defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto." (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 850; see also Code Civ. Proc., § 437c, subd. (p)(2).)  "[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Aguilar v. Atlantic Richfield Co., supra*, at p. 850.)  Once the moving party meets its initial burden, the burden shifts to the opposing party to demonstrate the existence of a triable issue of material fact.  (*Ibid*.)  "The plaintiff or cross-complainant shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)  We review the evidence and the reasonable inferences drawn therefrom in the

light most favorable to the party opposing summary judgment. (*Aguilar v. Atlantic Richfield Co., supra*, at p. 843.) Nonetheless, the opposing party's "evidence remains subject to careful scrutiny. [Citation.] We can find a triable issue of material fact 'if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' " (*King v. United Parcel Service, Inc*. (2007) 152 Cal.App.4th 426, 433, quoting *Aguilar v. Atlantic Richfield Co., supra*, at p. 850.) "Thus, a party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact.' " (*Diamond v. Superior Court* (2013) 217 Cal.App.4th 1172, 1183.)

"Although we independently assess the grant of summary judgment, our inquiry is subject to two constraints. Under the summary judgment statute, we examine the evidence submitted in connection with the summary judgment motion, with the exception of evidence to which objections have been appropriately sustained. [Citations.] . . . [¶] Furthermore, our review is governed by a fundamental principle of appellate procedure, namely, that ' "[a] judgment or order of the lower court is presumed correct," ' and thus, ' "error must be affirmatively shown." ' [Citations.] Under this principle, [appellant] bear[s] the burden of establishing error on appeal, even though [respondents] had the burden of proving [their] right to summary judgment before the trial court. [Citation.] For this reason, our review is limited to contentions adequately raised in the [appellant's] briefs." (*Paslay v. State Farm General Ins. Co*. (2016) 248 Cal.App.4th 639, 644-645.)

B.      *Alleged Disputes as to Material Facts*

David argues the trial court erred in entering summary judgment because there were disputes as to material facts set forth in the parties' separate statements. As a threshold matter, to support his argument, David cites the tentative ruling that was in his favor before it was vacated. Our review is de novo and "[w]e are not bound by the trial court's stated reasons or rationale" (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151,

6

163), particularly not reasons that were vacated. We will address each of the purported disputes in turn.

    *1.        Respondents' Knowledge of Ralph's Presence on September 19, 2017*

    David argues it was disputed whether, on September 19, 2017, respondents knew Ralph was on the property prior to the shooting. He cites evidence indicating Ralph frequently stopped by or stayed at the workshop and that respondents are aware Ralph stayed overnight that evening. David argues a jury could reasonably find that respondents should have known Ralph was likely staying at the property that evening. This does not necessarily conflict with the asserted material fact that respondents did not actually know Ralph was on the property the night of the shooting prior to when the shooting occurred. More importantly, this asserted material fact is irrelevant to our ultimate conclusion on appeal. This case turns on whether Ralph's acts were foreseeable generally, not whether they were foreseeable on the specific day they occurred. Thus, we cannot conclude any dispute would preclude the granting of summary judgment. As we will discuss, the undisputed evidence demonstrates respondents were entitled to the entry of judgment in their favor as a matter of law. The authority cited by David does not persuade us that the law prevents the entry of judgment merely because one fact that does not impact our analysis may have been disputed. (See *Insalaco v. Hope Lutheran Church of West Contra Costa County* (2020) 49 Cal.App.5th 506, 522 ["Because a dispute as to any one of these facts means there was a dispute as to a concededly material fact, the trial court erred in granting summary judgment"].) Our Supreme Court has explained, "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 850.)

2. *Respondents' Knowledge of Any Prior Violent or Similar Acts or Behavior*

David argues he disputed the assertion that Rob and Holly did not know of any violent behavior by Ralph or any prior acts or behavior similar to the shooting. David has not demonstrated he did so. He cites evidence that Rob and his brother were close, and Ralph had described himself to law enforcement as "hot-headed" and stated during his deposition that he was easily frustrated without his medication for depression, which he had run out of at the time of the incident. But Ralph did not describe himself as having engaged in any prior violent behavior or acts similar to the shooting, thus this evidence is not sufficient for a jury to infer respondents were aware of any. Likewise, the fact respondents' counsel argued at the hearing on their motion that Ralph later explained "hot-headed" was not the right word for what he was trying to convey does not create a material dispute as to the undisputed fact that was offered.

3. *David's Supporting Evidence*

As an asserted undisputed material fact, respondents explained that Rob served special interrogatories on David asking him to identify every fact, witness, or document that supported his contentions that: (1) respondents permitted members of the public to view, photograph, and inspect the airplanes; and (2) Ralph shot David with respondents' knowledge and consent. David responded to each request by electing to produce documents. Respondents asserted that nothing in David's document production tended to prove these contentions. On appeal, David argues he "provided other responses[,] including such evidence." But David cites only his later response to form interrogatories, not any documents he produced. As such, we cannot conclude David created a triable issue of fact related to this issue.

4. *David's Additional Material Facts*

David argues respondents disputed many of the material facts he identified. Respondents indicated some of the purported facts were not supported by or misrepresented the submitted evidence. Otherwise, respondents indicated they were not

8

disputing any of these asserted facts. David cites only respondents' responses and not any of his underlying evidence. As such, we would have to independently comb through the record to determine if any of them are supported by any evidence. We are not required to do that. (*Air Couriers Internat. v. Employment Development Dept*. (2007) 150 Cal.App.4th 923, 928.) Regardless, David has not demonstrated that any dispute related to the parties' separate statements requires reversal of the judgment. We turn now to the question of whether respondents were entitled to judgment in their favor as a matter of law.

## C.  *No Duty to Post "No Trespassing" Signs*

"The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158.) The trial court concluded summary judgment was appropriate because, as a matter of law, respondents did not owe a duty under the circumstances of this case. We reach the same conclusion.

" 'It is now well established that California law requires landowners to maintain land in their possession and control in a reasonably safe condition' and, '[i]n the case of a landlord, this general duty of maintenance, which is owed to tenants and patrons, has been held to include the duty to take reasonable steps to secure common areas against foreseeable criminal acts of third parties that are likely to occur in the absence of such precautionary measures.' [Citation.] But 'a duty to take affirmative action to control the wrongful acts of a third party will be imposed only where such conduct can be reasonably anticipated.' . . . [¶] Thus, when the third party crime is committed by a tenant, foreseeability turns on whether the landlord had 'notice of [the tenant's] propensity for violence.' " (*Barber v. Chang* (2007) 151 Cal.App.4th 1456, 1463-1464.) As set forth above, it was undisputed that respondents had no knowledge of any such propensity. As such, respondents met at least their initial burden to show they were entitled to judgment.

9

"The existence of a duty and foreseeability, when analyzed to determine the scope of a duty, is a question of law." (*Wiener v. Southcoast Childcare Centers, Inc*. (2004) 32 Cal.4th 1138, 1146.)

"The duty analysis . . . requires the court in each case (whether trial or appellate) to identify the specific action or actions the plaintiff claims the defendant had a duty to undertake. 'Only after the scope of the duty under consideration is defined may a court meaningfully undertake the balancing analysis of the risks and burdens present in a given case to determine whether the specific obligations should or should not be imposed on the landlord.' . . . 'First, the court must determine the specific measures the plaintiff asserts the defendant should have taken to prevent the harm. This frames the issue for the court's determination by defining the scope of the duty under consideration. Second, the court must analyze how financially and socially burdensome these proposed measures would be to a landlord, which measures could range from minimally burdensome to significantly burdensome under the facts of the case. Third, the court must identify the nature of the third party conduct that the plaintiff claims could have been prevented had the landlord taken the proposed measures, and assess how foreseeable (on a continuum from a mere possibility to a reasonable probability) it was that this conduct would occur. Once the burden and foreseeability have been independently assessed, they can be compared in determining the scope of the duty the court imposes on a given defendant. The more certain the likelihood of harm, the higher the burden a court will impose on a landlord to prevent it; the less foreseeable the harm, the lower the burden a court will place on a landlord.' [Citation.] Again, other *Rowland* factors may come into play in a given case, but the balance of burdens and foreseeability is generally primary to the analysis." (*Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1214.) Curiously, David argues the court erred as a matter of law in granting summary judgment because the *Rowland* factors support imposing a duty on respondents, but he does not address any *Rowland*

10

factors other than the balance of burdens and foreseeability. It is not clear how this could suffice to demonstrate error.

On appeal, David asserts the proposed burden he contends respondents "should have taken to prevent the harm was posting signs to deter teenagers from going to that field. [Citation.] That is it. The signs did not need to be all over the property."[4] Putting aside the question of whether this theory of the proposed duty was adequately raised in the trial court, proposing a minimal burden is not enough to impose it without " 'regular' reasonable foreseeability." (*Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 243, fn. 24.)

It was undisputed that Ralph installed multiple cameras to monitor the workshop and hangar. Both had been repeatedly burglarized. What David is suggesting is not that respondents were required to take actions to further deter thieves on the south end of the property, but that respondents had a duty to place a "no trespassing" sign at a specific location to deter people from viewing the airplanes on the property because these people might be mistaken for thieves and become victims of gunfire. Appellant argues it was "highly foreseeable that Ralph would attempt to apprehend anyone he heard on the [n]orth [e]nd." We disagree. While there was evidence of prior burglaries, there was no evidence *anyone* had attempted to apprehend anyone, burglar or otherwise, on either end of the property, let alone by using a firearm. David cites evidence that Ralph thought David and his friend were burglars and intended to stop them by firing shots over their head. The fact that he did this on September 19, 2017, and it ended badly does not mean

---

[4] David introduced evidence that he and his friends did not see any signs. Respondents did not dispute this asserted material fact, but noted the property was surrounded by fencing other than on driveways, and that fencing has "no trespassing" signs. If there were "no trespassing" signs, that would be fatal to David's claim. However, because there was evidence from which it could be inferred that there was at least not a sign at the location in question, we analyze this issue accordingly.

this was foreseeable. David argues lack of prior shootings is not dispositive and the court erred in narrowly focusing on the conduct of Ralph. While the lack of prior shootings is not necessarily dispositive, respondents produced evidence of a lack of prior behavior or evidence that indicated the shooting could have been reasonably anticipated. David did not effectively dispute that. "[S]ome types of crime might be foreseeable without prior similar incidents, so that a simple security measure might deter a particular act, or foreseeability might be shown by the occurrence of similar nonidentical events." (*Wiener v. Southcoast Childcare Centers, Inc., supra*, 32 Cal.4th at pp. 1150-1151.) No evidence that this crime should have been reasonably anticipated was available here.[5]

The evidence David cites in support of his argument is unavailing. As indicated above, there was evidence Ralph had described himself "hot-headed," easily frustrated when off his medication, and out of his medication at the time of the shooting. David also offered evidence that, in 2010, when Rob's son was living on the south end, Rob's son verbally threatened[6] to shoot two kids who were "throwing metal strips across the railway tracks, which were setting off the cross arms and the bell." Evidence was offered that Rob was seen holding a gun after the shooting on September 19, 2017. And when Rob was deposed, in response to being asked if he was "okay with Ralph shooting at the kids that came on," he answered, "Didn't bother me." Taken together and viewed in the light most favorable to David, we cannot conclude this evidence, which largely focused on the actions of Rob and his son, is sufficient to create a triable issue of fact as to whether it was foreseeable that an individual looking at an airplane would be hit with

---

[5] Ralph pled no contest in 2018 to discharging a firearm in a grossly negligent manner and was sentenced accordingly.

[6] The evidence submitted in support of this asserted material fact was deposition testimony from Holly, who stated there was no gun.

pellets fired by someone on the property such that there was a duty to post "no trespassing" signs on that portion of the property.

### III.  DISPOSITION

The judgment is affirmed.  Respondents Rob Gerolamy and Holly Lawrence shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

DUARTE, J.